

ERIC V. LUEDTKE, SBN:172360
LAW OFFICES OF ERIC V. LUEDTKE
3230 E. Imperial Highway, Suite 208
Brea, California 92821
Telephone No.:   (714)579-1700
Facsimile  No.:   (714)579-1710

JS - 6

BRAD A. MOKRI, SBN: 208213
JENNIFER N. HUPE, SBN: 256009
LAW OFFICES OF MOKRI & ASSOCIATES
1851 East First Street, Suite 900
Santa Ana, California 92705
Telephone No.:  (714) 619-9395
Facsimile  No.:  (714) 619-9396

Attorneys for Plaintiffs
LAUREN BACHTELL-WILLARS-MARIEN; and
minor M.V.M.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

LAUREN BACHTELL-WILLARS-
MARIEN, an individual and
successor-in-interest for Mitchell
Marien; and
M.V.M., a minor by and through her
guardian, LAUREN BACHTELL-
WILLARS-MARIEN and successor-
in-interest for Mitchell Marien,

        Plaintiffs,

vs.

CITY OF GARDENA a California
public entity; GARDENA POLICE
DEPARTMENT, a California public
entity; and EDGAR VARGAS, an
Individual,

        Defendants.

 

) Case No.: CV 10-5203-AHM (JCx)
)
)
)
)
) **ORDER APPROVING MINOR**
) **COMPROMISE OF A DISPUTED**
) **CLAIM**
)
)
)
) **Hearing Information:**
) Date: January 9, 2012
) Time: 10:00 a.m.
) Judge: A. Howard Matz
) Ctrm: 14
)
)
)
)

    Plaintiff/Petitioner LAUREN BACHTELL-WILLARS (MARIEN) brought a Petition to Approve Minor Compromise of a Disputed Claim, which was heard on January 9, 2012 at 10:00 a.m. in Courtroom 14 of the above-referenced Court, the Honorable A. Howard Matz presiding.  Aree Shahparnia appeared on behalf of Plaintiff/Petitioner.  Shareef S. Farag appeared on behalf of the Defendants.

1   This is a civil rights action accompanied by state law tort claims against the
2   City of Gardena, Gardena Police Department, and Edgar Vargas, an individual.
3   Defendant Edgar Vargas was at all times herein and is an officer employed by the
4   Gardena Police Department. The Complaint seeks damages to redress the violation
5   of Mitchell Marien's Fourth Amendment right to be free from unreasonable
6   seizure, excessive force and his Fourteenth Amendment rights not to be deprived
7   of his life without due process and equal protection under the laws.  The claims
8   arise out of an officer-involved shooting involving Mitchell Marien and Edgar
9   Vargas on or about May 28, 2009.  Mitchell Marien was shot and killed during that
10  incident.

11      Plaintiff Lauren Bachtell-Willars (Marien) is the widow of the deceased
12  Mitchell Marien.  M.V.M. is the daughter and only child of the deceased Mitchell
13  Marien.  Lauren Bachtell-Willars (Marien) brings this action on behalf of herself
14  and on behalf of her daughter, M.V.M as M.V.M's guardian. Plaintiffs bring this
15  action on behalf of Mitchell Marien as his heirs and successors-in-interest.

16      The parties now wish to settle this matter and have reached a settlement
17  agreement.   The principle terms of the settlement are as follows:

18      *1.  The Plaintiffs hereby agree to release EDGAR VARGAS and any of his agents,*
19  *servants employees, officers, directors, subsidiaries, successors, and their attorneys, including*
20  *Manning & Kass, Ellrod, Ramirez, Trester, LLP and any of their attorneys, agents, servants,*
21  *employees, officers, directors, subsidiaries, and successors from the Lawsuit and agree that this*
22  *settlement is with the CITY OF GARDENA and the GARDENA POLICE DEPARTMENT only.*

23      *2.  The Plaintiffs hereby agree to accept receipt from the Releasors the sum of one*
24  *hundred thousand dollars [$100,000.00] ("settlement payment") as good and valid*
25  *consideration to settle any and all claims arising from or in any way related to the Incident, the*
26  *Lawsuit, and the handling and settlement of the Lawsuit by or on behalf of the Defendants, and*
27  *any and all of the Plaintiffs' claims therein.  The Plaintiffs accept this sum to cover any and all*
28  *of Plaintiffs' purported actual damages, fees, costs and expenses–whether past, present, or*
    *future–which arise either directly or indirectly out of any Defendants' involvement in any act or*

*omission which is in any way related to the Incident or the Lawsuit.*

The Court having read and considered all papers filed in support of and in opposition to, the Court having heard and considered the proposed compromise, and determining that the compromise settlement and the proposed disposition of the proceeds for the claimant, M.V.M as being fair, reasonable, and in the best interest of the claimant, M.V.M., approves the compromise settlement and makes the following Order:

THE COURT FINDS that the settlement is reasonable and in the parties' best interests, including the minor, M.V.M.;

IT IS ORDERED that the Court approves the compromise settlement and the proposed disposition of the proceeds for the claimant, M.V.M as being fair, reasonable, and in the best interest of the claimant, M.V.M;

IT IS FURTHER ORDERED that the Settlement funds of $100,000.00 shall be divided equally between Plaintiff Lauren Bachtell-Willars (Marien) and Plaintiff M.V.M, each Plaintiff apportioned the sum of $50,000.00;

IT IS FURTHER ORDERED that the Settlement funds of $100,000.00 shall be issued to the Law Offices of Eric V. Luedtke Client Trust Account;

IT IS FURTHER ORDERED that Law Offices of Eric V. Luedtke shall issue the Settlement funds to Petitioner/Plaintiff Lauren Bachtell-Willars (Marien) on behalf of herself and her daughter-claimant M.V.M.;

IT IS FURTHER ORDERED, that the amount of Claimant's attorneys' fees, shall be 35% of the recovery and will be split between Claimant M.V.M and her mother/Petitioner Lauren Bachtell-Willars.  Accordingly, the Claimant M.V.M's attorney's fees shall be $16,012.69 and Petitioner Lauren Bachtell-Willars attorney's fees shall be $16,012.69;

IT IS FURTHER ORDERED, that the additional items of expense allocated to the minor, in the sum total of $4,249.46, are reasonable and are therefore approved pursuant to this Court Order;

IT IS FURTHER ORDERED, that the attorneys' fees of $16,012.69  and

expenses of $4,249.46 shall be paid out of Claimants' share of the proceeds of the settlement;

IT IS FURTHER ORDERED, that the balance of the proceeds remaining for the Claimant after payment of all requested fees and expenses, in the amount of $29,037.85, shall be distributed to the Claimant, through her mother and guardian Petitioner, Lauren Bachtell-Willars;

IT IS FURTHER ORDERED, that Petitioner Lauren Bachtell-Willars shall deposit the sum of $29,037.85, on behalf of the Claimant, into a FDIC insured account at Long Beach Credit Union, subject to withdrawal only upon authorization of the court, or until the minor's 18th birthday on September 28, 2026. Petitioner shall be the account owner who controls the account for the benefit of the claimant, M.V.M.

IT IS FURTHER ORDERED that Petitioner Lauren Bachtell-Willars shall obtain and file with the Court a receipt showing that the settlement funds of the minor were deposited with Long Beach Credit Union and that Long Beach Credit Union received and acknowledged receiving the Court's Order and the Settlement Funds.

**IT IS SO ORDERED.**

Dated: January 26, 2012          _____

Judge of the United States District Court

**JS-6**